FILED IN CHAMBERS
U.S.D.C. Atlanta

JAN 0 5 2006

LUTHER D. THOMAS, Clerk
By: _____
Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

NOBLE BUILDERS, INC.,

        Plaintiff,

        v.

DOUGLASVILLE-DOUGLAS COUNTY
WATER AND SEWER AUTHORITY,

        Defendant.

CIVIL ACTION

NO. 1:04-CV-3563-RLV

O R D E R

This is an action pursuant to section 505 of the Federal Water Pollution Control Act Amendment of 1972 (also known was the Clean Water Act), 33 U.S.C. § 1365, and section 7002 of the Resource Conservation and Recovery Act, 42 U.S.C. § 6972; the complaint also seeks to invoke the court's supplemental jurisdiction by asserting state law claims for nuisance, trespass, negligence, and negligence per se.

By order dated August 3, 2005, this court noted several deficiencies in the plaintiff's complaint and directed the plaintiff to file an amended and recast complaint, which the plaintiff did on August 23. Pending before the court are (1) the defendant's renewed motion for leave to file a third-party complaint against R.J. Wood and Co. and VBC Properties, LLC [Doc. No. 32], (2) the defendant's motion to dismiss Counts III through

X of the plaintiff's amended and recast complaint [Doc. No. 33],[1] and (3) the plaintiff's motion for leave to exceed page limits in responding to the defendant's motion to dismiss [Doc. No. 35].

The defendant's motion for leave to file a third-party complaint is GRANTED, and the defendant is directed to serve and file its third-party complaint within 30 days from the date of the docketing of this order.   The plaintiff's motion for leave to exceed the page limitations imposed by the Local Rules of this court is GRANTED.

## I. FACTUAL BACKGROUND

In considering a motion to dismiss for failure to state a claim pursuant to Rule 12 (b)(6), Federal Rules of Civil Procedure, this court accepts all the allegations in the plaintiff's complaint as being true and construes the facts in the light most favorable to the plaintiff.   Doe v. Moore, 410 F.3d 1337 (11th Cir. 2005). Consequently, the following facts are drawn from the plaintiff's complaint.[2]

---

[1] In its motion to dismiss relating to Counts III through V, the defendant is seeking dismissal of those counts only as they relate to the defendant's NPDES General Permit GAG640000.

[2] Because the court is limited to the factual allegations in the complaint, the court did not consider the affidavit of Darren Lodge, submitted by the plaintiff in opposition to the motion to dismiss.

The plaintiff is a builder, which has built several houses in the Creekstone Subdivision, located in Douglas County in the immediate vicinity of the defendant's Bear Creek Water Treatment Plant. VBC Properties, LLC, had developed the site for residential housing, including building up portions of the site to ensure that lots were more than four feet higher than the 100-year flood plain. Development work on the site was completed in August 2002, and the final plat was approved the following month.

In 2002, the defendant began construction of the Bear Creek Water Treatment Facility Site, which included the construction of Pond 5 adjacent to the plaintiff's property.  In April 2003, the defendant rebuilt its discharge piping at the Creekstone property line, extending its pipe onto the property and into the flood plain and wetlands around Bear Creek.

Pond 5, a retention pond, was put into service in May 2003 and immediately began creating a water intrusion problem on the Creekstone property as heavy rains caused Pond 5 to fill up.  As a result, the land around certain houses built by the plaintiff has become mushy, and the foundations of the houses may have been compromised, rendering them virtually impossible to sell.

3

In 2001, the defendant submitted a Notice of Intent for coverage under Georgia's NPDES General Permit GAG640000[3] for the Bear Creek Facility to cover filter backwash discharges associated with the water treatment plant and with sludge handling capability, and a permit was issued by the Georgia Department of Natural Resources.  Under the Clean Water Act, 33 U.S.C. § 1251 *et seq.*, it is illegal to discharge any pollutant into the waters of the United States without first obtaining a permit pursuant to the National Pollutant Discharge Elimination System ("NPDES"), administered by the federal Environmental Protection Agency.  *See* 33 U.S.C. § 1342.

Although the defendant had obtained a permit pursuant to NPDES GAG640000, it failed to follow its provisions in the construction and maintenance of Ponds 5 and 6 and the surrounding areas.  Even after a Notice of Termination was submitted, the defendant continues to improperly discharge pollutants into the wetlands adjacent to Bear Creek, on the plaintiff's property.

The defendant's expansion and ongoing maintenance of the Bear Creek Water Treatment Facility continue without the proper installation and maintenance of appropriate erosion and sediment control structures required by law.  As a result, there are ongoing

---

[3] The complaint refers to GAG64000; however, it appears that this a typographical error.

4

discharges of pollutants onto the plaintiff's property. Additionally, excessive amounts of water are being discharged onto the plaintiff's property, and there is surface water runoff that runs from Ponds 5 and 6, through the plaintiff's property, and into the wetlands that are adjacent to Bear Creek.

## II. LEGAL DISCUSSION

As noted earlier, on a motion to dismiss, the court must accept the plaintiff's well-pleaded allegations as true. Furthermore, a complaint should not be dismissed unless it appears that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99 (1957).

The plaintiff is seeking to enforce the provisions of the Resource Conservation and Recovery Act and the Clean Water Act as a private attorney. After carefully considering the allegations of the plaintiff's complaint, the court concludes that they are sufficient to withstand a motion to dismiss for failure to state a claim. The complaint alleges that certain actions of the defendant violated these acts and that it has been injured as a result of those violations. Consequently, the motion to dismiss, as it relates to Counts III through V is DENIED.

5

The plaintiff also asserted state law claims for nuisance, trespass, negligence, and negligence per se. However, in creating the defendant, the Georgia General Assembly granted it immunity from all torts. Section 3(a) of the enabling act, 1985 Ga. Laws 3585, provides:

> There is hereby created a public body corporation and by such name, style and title, said body may contract and be contracted with, sue and be sued, implead and be impleaded, complain and defend in all courts of law and equity, except that the Authority or the Trustee acting under any trust indenture shall in no event be liable for any torts committed by any of its officers, agents or employees.

The Georgia Supreme Court has held that identical language is a valid grant of tort immunity under the Georgia Constitution and is sufficient to shield the authority created by the statute from suit. Matthews v. Macon Water Authority, 273 Ga. 436 (2001).

The plaintiff argues that since the enabling act provides that the defendant "shall in no event be liable for any torts committed by any of its officers, agents or employees," the General Assembly did not mean to shield the defendant from *all* tort liability. The plaintiff contends that by adding the words "committed by any of its officers, agents or employees" the General Assembly intended to grant immunity only under the theories of respondeat superior and vicarious liability. The court agrees that the additional words are mere surplusage, but the court does not agree that the

6

additional words act to carve out an exception to the general grant of immunity.

First, it is well settled that a governmental or corporate entity can act *only* through its officers, agents, and employees. *See, e.g.,* Poindexter v. Greenhow, 114 U.S. 270, 5 S.Ct. 903 (1885), Palazzo v. Gulf Oil Corp., 764 F.2d 1381 (11th Cir. 1985). Second, the Georgia Supreme Court did not find such a restriction in its *Matthews* decision.   The court finds this argument to be without merit.

The plaintiff also alleges that any tort immunity is limited by the Georgia Constitution's prohibition against the taking of property without just compensation. Ga. Const., Art. I, Sec. III, Par. I.  However, as noted earlier, the Georgia Supreme Court has upheld identical language in the face of an attack under the Georgia Constitution, and this court sees no reason why that court would find that the grant of tort immunity was not an absolute grant.[4]

---

[4] This court need not decide whether granting such tort immunity might run afoul of the federal Constitutional prohibition against taking private property without due process and just compensation, since the plaintiff did not assert such a federal claim.

7

For the foregoing reasons, the court concludes that the defendant is entitled to immunity from the plaintiff's state law claims.

In summary, the defendant's renewed motion for leave to file a third-party complaint against R.J. Wood and Co. and VBC Properties, LLC [Doc. No. 32] is GRANTED; the defendant's motion to dismiss Counts III through X of the plaintiff's amended and recast complaint [Doc. No. 33] is GRANTED as to Counts VI through X (the plaintiff's state law claims) and DENIED with respect to Counts III through V, and the plaintiff's motion for leave to exceed page limits in responding to the defendant's motion to dismiss [Doc. No. 35] is GRANTED.

SO ORDERED, this _5TH_ day of January, 2006.

Robert L. Vining, Jr.

ROBERT L. VINING, JR.
Senior United States District Judge